REBECCA ROTHBAUM, Respondent, v. MONROE I. KATCHER, II, Appellant, and Others, Defendants.— Order on reargument, in so far as it denies the motion of defendant Monroe I. Katcher, II, to dismiss, pursuant to Civil Practice Rule 106, the second cause of action set forth in the amended complaint, reversed on the law and the facts, with ten dollars costs and disbursements, and motion to dismiss the second cause of action granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint as to the second cause of action within twenty days after service of a copy of the order hereon, upon payment of such costs. Plaintiff, by assignment, acquired a $25,000 interest in a $120,000 bond and a blanket mortgage covering two parcels; one on Ross street and the other on Hooper street, in the borough of Brooklyn. The assignment was confined to the bond and mortgage covering the Hooper street parcel. This action is to recover damages equal to plaintiff's interest in the bond and mortgage by reason of the satisfaction of the mortgage and the transfer of the Ross street parcel, pursuant to a conspiracy among defendants to destroy plaintiff's rights in the bond and mortgage. Plaintiff has failed to allege facts showing the damage, if any, she has suffered by reason of this conspiracy. Under the circumstances here, damages cannot be inferred or presumed from the commission of the wrong-

ful act. If the satisfaction was fraudulently executed and recorded, without plaintiff's knowledge or consent, it is invalid in so far as plaintiff's interest in the bond and mortgage is concerned. The only effect thereof and of the subsequent conveyance of the Ross street parcel, assuming it was sold to a *bona fide* purchaser, is that that parcel is freed from the lien of the mortgage. But the mortgage also covers the Hooper street parcel, and under the assignment to plaintiff her interest in the mortgage is confined to that parcel. As far as the record discloses, defendant-corporation still owns that parcel, and is solvent, and it is liable on the bond accompanying the mortgage. Therefore, until plaintiff in a proper action fails, by reason of the satisfaction, in an attempt to enforce her rights against the bond and mortgage covering the Hooper street parcel, or fails in an attempt to cancel the satisfaction of the bond and mortgage with respect to that parcel, or unless plaintiff alleges facts clearly showing the futility of such attempts, it is impossible to determine either that she has been damaged or the extent of her damage. Lazansky, P. J., Carswell, Johnston and Taylor, JJ., concur; Adel, J., concurs in result.